___ FILED    ___ ENTERED
____ LOGGED _____ RECEIVED

3:00 pm, Oct 01 2020
AT BALTIMORE
CLERK, U.S. DISTRICRT COURT
DISTRICT OF MARYLAND
BY _____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM DIONICIO HALL, a/k/a DIONICIR HALL | Case No. 1:20-mj-2253 TMD _____  **Filed Under Seal** |

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR A SEARCH WARRANT

I, Chris Loudermilk, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

## INTRODUCTION

1. The ATF and Baltimore Police Department ("BPD") have been investigating Dionicio **HALL** a/k/a Dionicir **HALL** for a violation of 18 U.S.C. § 922(g) (Possession of a Firearm by a Prohibited Person). This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of DNA for comparison purposes in the form saliva from **HALL**, a man born in 1991, assigned an FBI number ending in 7ED3, and depicted in Attachment A. **HALL** is incarcerated at the Metropolitan Transition Center, 954 Forrest Street, Baltimore, Maryland. The warrant would authorize members of the ATF, or their authorized representatives, to obtain DNA contained within saliva samples from **HALL**, as described in Attachment B.

2. I submit this affidavit for the limited purpose of securing the requested warrant. I have not included details of every aspect of this investigation to date. Rather, I have set forth only those facts that I believe are necessary to establish probable cause supporting the warrant. I have not, however, intentionally omitted information that would tend to defeat a determination of probable cause.

3.      I believe that probable cause exists that **HALL** possessed a firearm in violation of 18 U.S.C. § 922(g) on July 20, 2020. Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of **HALL**.

## AFFIANT BACKGROUND

4.      I have been employed with ATF since May 2018. I am currently assigned to the Baltimore Field Division and am responsible for investigating violent crimes, including, but not limited to, gang activity, narcotics violations, and federal firearms violations. I have approximately thirteen years of prior law enforcement experience as a police officer with the cities of Newport News, Staunton, and Charlottesville in Virginia.

5.      I am familiar with firearm and narcotic statues and the methods employed by those who perpetrate these acts. I have been the affiant on search warrants and made numerous arrests in the course of my career for firearm violations and other violent crimes. I know, based on training and experience that Deoxyribonucleic Acid ("DNA") can be found on items such as clothing and firearms and can be compared to a sample of DNA from a known person. This comparison can help identify or eliminate suspects. I know that the Baltimore Police Department Forensic Biology Unit will not test firearms for the presence of DNA (or do any subsequent comparison) without a standard to which it can be compared.

## PROBABLE CAUSE

6.      On July 19, 2020, BPD officers were dispatched to Webb Court in Baltimore, Maryland, for a domestic disturbance. Upon arrival, officers made contact with the victim and were advised that the aggressor left the area in a silver Acura with a Texas registration. The victim identified **HALL** as the aggressor and provided a description of him. The victim advised that

**HALL** said that he would kill her when he returned. The officers noted that the victim could not close or lock her door due to the damage caused by **HALL**. The victim subsequently spent the night at her sister's residence in the 2500 block of Loyola Southway in Baltimore City.

7. On July 20, 2020, BPD officers responded to the 2500 block of Loyola Southway in Baltimore, Maryland for the report of an armed subject. BPD officers received a description of the armed individual through dispatch. A BPD officer observed a subject matching the description, later identified as **HALL**, standing at the driver's side door of a silver Acura bearing a Texas temporary registration. The silver Acura matched the description of the vehicle in which **HALL** left Webb Court a few hours before. Officers learned that **HALL** attempted to gain entry into the victim's sister's residence in the 2500 block of Loyola Southway.

8. Officers observed a firearm inside the silver Acura in the map pocket in plain view and arrested **HALL**. Officers recovered the keys to the silver Acura on **HALL**'s person. They opened the vehicle to retrieve a loaded Smith & Wesson .44 caliber revolver and a separate magazine loaded with sixteen rounds of 9mm caliber ammunition.

9. I believe the revolver to be a firearm as defined by 18 U.S.C. § 921 because the firearm had previously been registered to a federal firearms licensee located in Goldsboro, North Carolina. Additionally, I believe the revolver moved in or affected interstate commerce, as it had been in North Carolina prior to its recovery in Maryland on July 20, 2020.

10. I reviewed the criminal history for HALL. He had previously been convicted of a felony that carried a sentence of more than a year. Specifically, among other convictions, **HALL** was convicted in 2018 of Possession of a Controlled Dangerous Substance and was sentenced to 18 months' imprisonment. Therefore, he is prohibited from possessing a firearm pursuant to 18

U.S.C. § 922(g) and should have known that he could have been sentenced to more than a year of incarceration because he was so sentenced.

## DNA AUTHORIZATION REQUEST

11.   Based on my training and experience, I believe that **HALL**'s DNA may be on the firearm recovered during his arrest. A known sample of his DNA is required in order to test and compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes in the form of saliva from **HALL** to compare to the swabs taken from the firearm and magazine that I believe was possessed by **HALL** in violation of 18 U.S.C. § 922(g) (Possession of a Firearm by a Prohibited Person).

12.   Further, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents, to obtain DNA samples from **HALL** so that the DNA sample may be compared to the swabs taken from evidence recovered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

___*Christopher Loudermilk*___
Special Agent Chris Loudermilk
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this __8__ day of __Sept.____, 2020.

_____
The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

1:20-mj-2253 TMD

# ATTACHMENT A

**Photograph of Person to be Searched**

Dionicio HALL, a/k/a Dionicir HALL
YOB: 1991
Currently residing at: Metropolitan Transition Center, 954 Forrest Street, Baltimore, Maryland
Last four digits of FBI No.: 7ED3



1:20-mj-2253 TMD

## ATTACHMENT B

### Description of Items to be Seized

Buccal (oral) swabs of the inside of Dionicio HALL, a/k/a Dionicir HALL's mouth limited to the extent where sufficient samples of DNA are obtained.